# Exhibit A

Case 1:12-mc-00289-RCL   Document 1-1   Filed 05/16/12   Page 1 of 9



U.S. Department of Justice

Criminal Division

*Office of the Assistant Attorney General*   *Washington, D.C. 20530*

## ASSISTANT ATTORNEY GENERAL DECISION

**DECISION:**

In accordance with 28 U.S.C. § 2467(b)(2) and the Attorney General's delegation of authority, Number 2820-2006, to the Assistant Attorney General for the Criminal Division, I hereby find that it is in the interest of justice to CERTIFY the attached restraining order issued by the United Kingdom's High Court of Justice, Queen's Bench Division, to restrain assets owned or controlled by James Onanefe Ibori. The High Court is the competent authority to issue such a restraining order. A copy of the June 3, 2008, order is attached hereto.

_____     4/5/12
**Lanny A. Breuer**                            Date
**Assistant Attorney General**
**Criminal Division**

**DISOBEDIENCE TO THIS ORDER IS A CONTEMPT OF COURT WHICH IF YOU ARE AN INDIVIDUAL IS PUNISHABLE BY IMPRISONMENT OR IF YOU ARE A BODY CORPORATE IS PUNISHABLE BY SEQUESTRATION OF YOUR ASSETS AND BY IMPRISONMENT OF ANY INDIVIDUAL RESPONSIBLE**

**IN THE HIGH COURT OF JUSTICE**
**QUEEN'S BENCH DIVISION**
**ADMINISTRATIVE COURT**

[Stamp: SUPREME COURT OF ENGLAND & WALES, 04 JUN 2008, ADMINISTRATIVE COURT OFFICE, QUEEN'S BENCH DIVISION]

Before the Honourable Mr Justice  Simon                      sitting in Private

CJA No. 59       2008

Dated  3 June   2008

IN THE MATTER OF James Onanefe IBORI
(Defendant)

AND

IN THE MATTER OF THE CRIMINAL JUSTICE ACT 1988

RESTRAINT ORDER PROHIBITING DISPOSAL OF ASSETS

I hereby certify that this is a true copy of the order of JUSTICE SIM the original of which is held in the Administrative Court Office.

TO:         The Defendant

            Head of the Administrative Court Office
            Dated 10-02-11

AND TO:     Haleway Properties Limited
            Telaton Quays Limited
            Stanhope Investment Limited
            Erin Aviation Limited

*By the Court*

**PENAL NOTICE**

If you the Defendant, Haleway Properties Limited, Telaton Quays Limited, Stanhope Investments Limited or Erin Aviation Limited disobey this Order you may be held to be in contempt of court and may be imprisoned, fined or have your assets seized.

Any other person who knows of this order and does anything which helps or permits the Defendant, Haleway Properties Limited, Telaton Quays Limited, Stanhope Investments Limited or Erin Aviation Limited to breach the terms of this Order may also be held to be in contempt of court and may be imprisoned, fined or have their assets seized.

The order is subject to the exceptions contained in the order. You should read it all carefully.

You have a right to ask this court to vary or discharge this order, see paragraph 12 below. If you wish to do this you must serve on the Crown Prosecution Service and all other affected parties a copy of the application and any witness statement in support at least 2 clear days before the date fixed for the hearing.

There is an interpretation section at page 5 of this order.

**THIS ORDER**

1. This is a Restraint Order made against James Onanede IBORI ("the Defendant") Haleway Properties Limited, Telaton Quays Limited, Stanhope Investments Limited and Erin Aviation Limited on 3 June 2008 by Mr Justice Simon on the application of the Crown Prosecution Service ("the Prosecutor"). The Judge read the witness statement of John McDonald signed on 15 May 2008 listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this order.

2. This order was made without notice to the Defendant. The Defendant has a right to apply to the court to vary or discharge the order – see paragraph 12 below.

**DISPOSAL OF OR DEALING WITH ASSETS**

3. The Defendant must not until further order of the court:

   (a) remove from England and Wales any of his assets which are in England and Wales; or

   (b) in any way dispose of or deal with or diminish the value of any of his assets whether they are in or outside England or Wales.

4. Paragraph 3 applies to all the Defendant's assets whether or not they are in his own name and whether they are solely or jointly owned. For the purpose of this order the Defendant's assets include any asset which he has the power,

2

directly or indirectly, to dispose of or deal with as if it were his own. The Defendant is to be regarded as having such power if a third party holds or controls the asset in accordance with his direct or indirect instructions.

5. This prohibition includes the following assets in particular-

   (a) 7 Westover Hill, London, NW3 7VH, title number NGL624486 in the name of Haleway Properties Ltd;

   (b) Flat 23, 20 Abbey Road, London, NW8 9BJ, title number NGL699019 in the name of James IBORI;

   (c) 42 Great Ground, Shaftsbury, Dorset, SP7 8FF, title number DT326978 in the name of Teleton Quays Ltd;

   (d) Bentley Continental GT registration LK54 NFT registered in the name of James IBORI;

   (e) Mercedes McClaren Maybach registration XC05 AAM, ibid;

   (f) Chrysler registration number LN51 FRT, ibid;

   (g) Jaguar registration number W933 VLP, ibid;

   (h) Money held by Bombardier Inc in respect of the termination of the proposed purchase of a Challenger 300 aircraft;

   (i) Barclays Bank Plc account number 0011-5916, sort code 20-47-42 in the name of James OBORI;

   (j) Abbey National Instant Saver account number X105847511BC in the name of James OBORI trustee for Miss Osaseri IBIE;

   (k) All accounts held by Stanhope Investments at PKB Private Bank AG, Switzerland and all other assets held by or on behalf of Stanhope Investments Ltd;

   (l) All assets held by or on behalf of Teleton Quays Ltd

   (m) all other realisable assets owned by the c            or to which she is authorised.

6. Haleway Properties Limited must not in any w            deal with or diminish the value of the asset referred to in paragrap

7. Teleton Quays must not in any way dispose of or c            the value of the asset referred to in paragraph 5(c).

3

8. Erin Aviation Limited must not in any way dispose of or deal with or diminish the value of the asset referred to in paragraph 5(h).

9. Stanhope Investments Limited must not in any way dispose of or deal with or diminish the value of the asset referred to in paragraph 5(k).

## EXCEPTIONS TO THIS ORDER

10. (1) This order does not prohibit the Defendant from spending up to £250 a week towards his ordinary living expenses (which sum to include any means tested benefit claimed in sub-paragraph (2) below), up to the date of the making of any confiscation order, on the proviso he is not in prison. But before spending any money the Defendant must tell the Prosecutor where the money is to come from.

    (2) This order does not prohibit the Defendant from spending up to £1000 on legal advice and representation in connection with this order. But before spending any money the Defendant must tell the Prosecutor where the money is to come from.

    (3) This order does not prohibit the Defendant from spending any money he may receive by way of state benefit from the Department of Social Security.

    (4) This order does not prohibit the Defendant from spending towards his ordinary living expenses any sum earned by him whilst he is in prison.

    (5) The Defendant may agree with the Prosecutor that the above spending limits are varied or that this Order be varied in any other respect in relation to them, but any such agreement must be in writing.

    (6) This order does not prevent: -

    (a) any person from paying any money in satisfaction of the whole or part of any confiscation order which may be made against the Defendant; or

    (b) the levy of distress upon any goods subject to this order for the purpose of enforcement of any confiscation order which may be made against the Defendant.

## COSTS

11. The costs of this order are reserved.

## VARIATION OR DISCHARGE

12. Anyone affected by this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must

4

first inform the Prosecutor and the Defendant giving two clear days' notice. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Prosecutor in advance.

## INTERPRETATION OF THIS ORDER

13. (1) A person who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

    (2) A person which is not an individual that is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

    (3) Reference to the "Defendant" means James Onanefe IBORI. Reference to an asset belonging to the Defendant includes any property in which the Defendant has an interest and any property to which the Defendant has a right.

## PARTIES OTHER THAN THE DEFENDANT

### Effect of this order

14. It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of the order. Any person doing so may be imprisoned, fined, or have their assets seized. He is also at risk of prosecution for a money laundering offence.

### Set off by banks

15. This order does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the Defendant before it was notified of this order.

### Withdrawals by the Defendant

16. No bank need enquire as to the application or proposed application of any money withdrawn by the Defendant if the withdrawal appears to be permitted by this order.

### Cash in the custody of the Police

17. The POLICE may pay the quantities of cash in their custody into an interest bearing account until further order unless required as an exhibit in criminal proceedings against the Defendant.

### Existing Charges

18. This order does not prevent any financial institution from enforcing or taking any other steps to enforce an existing charge it has in respect of a property or properties so secured.

**Persons outside England, Wales and Scotland**

19. (1) Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court or Scotland.

    (2) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court or Scotland-

    (a) a person to whom this order is addressed or the officer or agent appointed by power of attorney of such a person;

    (b) any person who:

        (i) is subject to the jurisdiction of this court or Scotland;

        (ii) has been given written notice of this order at his residence or place of business within the jurisdiction of this court or Scotland; and

        (iii) is able to prevent acts or omissions outside the jurisdiction of this court or Scotland which constitute or assist in a breach of the terms of this order; and

    (c) any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

**Enforcement in Scotland**

20. This order shall have effect in the law of Scotland, and may be enforced there if it is registered under section 35 of the proceeds of Crimes (Scotland) Act 1995.

**Assets Located outside England and Wales**

21. Nothing in this order shall, in respect of assets located outside England and Wales prevent a third party from complying with-

    (1) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the Respondent; and

    (2) any orders of the courts of that country or state provided that reasonable notice of an application for such an order is given to the Applicant's solicitors;

unless those assets are situated in Scotland and this order has been registered there, in which case this order must be obeyed there.

**COMMUNICATIONS WITH THE COURT**

All communications to the court about this order should be sent to-

*The Administrative Court Office, Royal Courts Of Justice, Strand, London, WC2A 2LL quoting the case number. The office is open between 10 a.m. and 4.30 p.m. Monday to Friday. The telephone number is 0207 947 6653.*

DATED this 3ʳᵈ day of June, 2008.

COURT STAMP