Exhibit B



**U.S. Department of Justice**

Criminal Division

*Office of the Assistant Attorney General*                    *Washington, D.C. 20530*

## ASSISTANT ATTORNEY GENERAL DECISION

**DECISION:**

In accordance with 28 U.S.C. § 2467(b)(2) and the Attorney General's delegation of authority, Number 2820-2006, to the Assistant Attorney General for the Criminal Division, I hereby find that it is in the interest of justice to CERTIFY the attached restraining order issued by the United Kingdom's Crown Court at Southwark, to restrain assets owned or controlled by Bhadresh Gohil. The Crown Court is the competent authority to issue such a restraining order. A copy of the November 17, 2008, order is attached hereto.

_____                    4/5/12
Lanny A. Breuer                                        Date
**Assistant Attorney General**
**Criminal Division**

I. Curdon 23/1/09

**DISOBEDIENCE OF THIS ORDER IS A CONTEMPT OF COURT WHICH IF YOU ARE AN INDIVIDUAL IS PUNISHABLE BY IMPRISONMENT, OR IF YOU ARE A BODY CORORATE IS PUNISHABLE BY SEQUESTRATION OF YOUR ASSETS AND BY IMPRISONMENT OF ANY INDIVIDUAL RESPONSIBLE.**

IN THE CROWN COURT
SITTING AT SOUTHWARK

No:
Dated: 17ᵗ Nᴠᴠᴇᴜₕ 2008

Before His/Her Honour Judge   MARTIN BRADDE
Sitting in Private.

## IN THE MATTER OF BHADRESH BABULAL GOHIL

and

## IN THE MATTER OF THE PROCEEDS OF CRIME ACT 2002

### RESTRAINT ORDER PROHIBITING DISPOSAL OF ASSETS.

TO: 1) **Bhadresh Babulal GOHIL** (Defendant).
　　2) Babulal GOHIL (an affected third party)
　　3) Zetland Financial Group Limited (a company registered in Hong Kong).
　　4) Parabola International Corp (an affected third party).

### PENAL NOTICE

If you, the defendant, Babulal Gohil, Zetland Financial Group Limited or Parabola International Corp disobey this Order you may be held to be in contempt of court and may be imprisoned; and/or fined or have your assets seized.

Any other person who knows of this Order and does anything which helps or permits the defendant, Babulal Gohil, Zetland Financial Group Limited or Parabola International Corp to breach the terms of this Order may also be held in contempt of court and may be imprisoned, fined or have their assets seized

1

**IMPORTANT: NOTICE TO THE DEFENDANT, BABULAL GOHIL, ZETLAND FINANCIAL GROUP LIMITED OR PARABOLA INTERNATIONAL CORP**

This order prohibits you the defendant from dealing with your assets. It prohibits the defendant from dealing with the assets identified in paragraph 6 of this Order. It prohibits Babulal Gohil from dealing with the assets identified in paragraph 7. It prohibits Zetland Financial Group Limited from dealing with the assets identified in paragraph 8. It prohibits Parabola International Corp from dealing with assets identified in paragraph 9.

The Order is subject to the exceptions contained in it. You should read all of it carefully.

You are advised to consult a solicitor as soon as possible. Under paragraph 2 of Schedule 2 of the Access to Justice Act 1999 as amended by paragraph 36 of Schedule 11 of the Proceeds of Crime Act 2002, you may be entitled to Community Legal Service Funding in respect of this Order. Your solicitor will be able to provide you with the appropriate forms. Such applications should be submitted to the Legal Services Commission, 29-37 Red Lion Street, London WC1R 4PP. In relation to LSC funding (formerly legal aid) general enquiries may be directed to the free LSC telephone helpline: 0800 085 6643.

You have a right to ask this Court to vary or discharge this Order (see paragraph 12 below). If you wish to do this you must serve on the Crown Prosecution Service, and all other affected parties, a copy of the application and any witness statement in support at least two clear working days before the date fixed for the hearing.

There is an interpretation section at page 9 of this Order.

## THE ORDER

1. This is a Restraint Order made against Mr Bhadresh Babulal GOHIL (the defendant), Babulal Gohil, Zetland Financial Group Limited and Parabola International Corp on the 1᷉ day of November 2008 by His/Her Honour Judge ᴳᵀᴬᴬᴶᴼ on the application of the Crown Prosecution Service (the Prosecutor). The Judge read the witness statements listed in Schedule A and accepted the undertakings set out in Schedule B at the end of this Order.

2. This order was made without notice to the defendant, Babulal Gohil, Zetland Financial Group Limited or Parabola International Corp The defendant, Babulal Gohil, Zetland Financial Group Limited and Parabola International Corp have a right to apply to the Court to vary or discharge the order – see paragraph 12 below.

2

3. EITHER (delete as required):

    (a) There will be a further hearing of this matter on the      day of 2007 (the return date) when the prosecutor will apply for the continuation of the order.

OR

    (b) This Order will continue until further order of the court.

    (c) The defendant, MER Engineering Nigeria Limited and James Onanefe Ibori and any other person affected by this Order are entitled to appear and to object to the continuation of this Order, or ask for it to be varied.

## DISPOSAL OF OR DEALING WITH ASSETS.

4. The defendant must not:

    (i) remove from England and Wales any of her assets which are in England and Wales; or.

    (ii) in any way dispose of, deal with, or diminish the value of any of his assets whether they are in or outside England and Wales.

5. Paragraph 4 applies to all the defendant's assets whether or not the assets are described in this Order or are transferred to the defendant after the Order is made, are in her own name and whether they are solely or jointly owned. For the purpose of this Order the defendant's assets include any asset which she has the power, directly or indirectly, to dispose of, or deal with, as if it were her own. The defendant is to be regarded as having such power if a third party holds or controls the asset in accordance with her direct or indirect instructions.

6. This prohibition includes the following assets in particular:

    a) Highlander, 158 Leesons Hill, Chislehurst, Kent, BR7 6QL Land Registry Title number SGL575381 currently registered in the name of Babulal Ramji GOHIL.

    b) Flat 1002 Ashoka, A building, Panch Tantra Road, Versova M, Mumbai, India, 401105 registered in the name of Babulal Gohil.

    c) Divine Sheraton Plaza Wing B, No 33, 3rd Floor, Jesal Park, Bhayander East India 401105, registered in the name of Babulal Gohil

3

d) Mercedes 320S registration 1 BBG currently valued at £8,150 and a trade value of £5,150.

e) Cherished Number Plate 1 BBG purchased 2000 for 4,600 the current estimated value now £10,00

f) National Westminster Bank Account number 07012969 sort 60-02-20 in the name of the defendant, contact address Group Security & Fraud, 7th Floor, 1 Princes Street, London, EC2R 8PB

g) National Westminster Bank Account number 35807989 sort 56-00-29 in the name of the defendant, contact address Group Security & Fraud, 7th Floor, 1 Princes Street, London, EC2R 8PB

h) National Westminster Bank Gibraltar Branch, NATWEST Off Shore, NATWEST House, 57 Line Wall Road, PO Box 707, Gibraltar, account number 11315550 sort code number 60-00-12 the account is believed to be in the name of Babulal GOHIL;

i) An account held at HSBC Bank Harcourt Road Branch, Central Hong Kong account number 102-397296-274, held in the name of Zetland Financial Group Limited;

j) An account held at Bank Indosuez account number 821119 2020094 Gibraltar Branch USD the account is in the name of Babulal GOHIL;

k) Merrill Lynch 222 Broadway, 17th Floor, New York, USA hold an account number ICA-07426 on behalf of Parabola International Corp, 6 Arlington Street, St James, London, SW1A1RE, the sole signatory to this account;

l) Investec Private Bank, 2 Gresham Street, London, EC2 7QP account number 701306/26PICA in the name of the defendant;

4

m) all other realisable property owned by the Defendant or to which he is authorised.

7. Mr Babulal GOHIL must not:-

(1) remove from England and Wales or

(2) in any way dispose of or deal with or diminish the value of the following assets -

    (a) Highlander, 158 Leesons Hill, Chislehurst, Kent, BR7 6QL Land Registry Title number SGL575881 currently registered in the name of Babulal Ramji GOHIL the property is valued at approximately £750,000 the property market is currently very fluid

    (b) Flat 1002 Ashoka, A building, Panch Tantra Road, Versova M, Mumbai, India, 401105 registered in the name of Babulal Gohil.

    (c) Divine Sheraton Plaza Wing B, No 33, 3rd Floor, Jesal Park, Bhayander East India 401105, registered in the name of Babulal Gohil

    (d) National Westminster Bank Gibraltar Branch, NATWEST Off Shore, NATWEST House, 57 Line Wall Road, PO Box 707, Gibraltar, account number 11315550 sort code number 60-00-12

    (e) An account held at Bank Indosuez account number 821119 2020094 Gibraltar Branch USD the account is in the name of Babulal GOHIL

8. Zetland Financial Group Limited must not:-

(1) remove from England and Wales or

(2) in any way dispose of or deal with or diminish the value of the following assets –

(a)    HSBC Bank Harcourt Road Branch, Central Hong Kong account number 102-397296-274, held in the name of Zetland Financial Group Limited

9.    Parabola International Corp must not :-

(1)    remove from England and Wales or

(2)    in any way dispose of or deal with or diminish the value of the following assets:

(a)    Merrill Lynch 222 Broadway, 17th Floor, New York, USA hold an account number ICA-07426 on behalf of Parabola International Corp

## REPATRIATION

10.    (1)    The Defendant must within 21 days after service of this Order upon him bring any moveable asset in respect of which he has an interest, which is outside England and Wales, to a location within England and Wales.

(2)    The Defendant must inform the Crown Prosecution Service of the location within England and Wales within 7 days of the arrival of the assets.

(3)    If the asset is cash or credit in a financial institution it must be paid into an interest bearing account and the account holder, location and account number be notified to the Crown Prosecution Service within 7 days.

## EXCEPTIONS TO THIS ORDER

11.    (1)    This order does not prohibit the Defendant, on the proviso that he is not in prison, from spending up to £250 a week towards her ordinary living expenses, up to the date of the making of any confiscation order. But before spending any money the Defendant must tell the Prosecutor where the money is to come from. This order does not prohibit the Defendant from spending any money he may receive by way of state benefit from the Department of Social Security.

(2)    This order does not prohibit the Defendant from spending towards his ordinary living expenses any sum earned by him whilst he is in prison.

(3)    The defendant may agree with the Prosecutor that the above spending limits be varied or that this Order be varied in any other

respect, but any such agreement must be in writing.

(4)    This order does not prevent:-

    (a)    any person from paying any money in satisfaction of the whole or part of any confiscation order which may be made against the defendant; or

    (f)    the levy of distress upon any goods subject to this order for the purpose of enforcement of any confiscation order which may be made against the Defendant.

## VARIATION OR DISCHARGE OF THIS ORDER

12.    Anyone affected by this order may apply to the court at any time to vary or discharge this order (or so much of it as affects that person), but they must first inform the Prosecutor and the Defendant, Babulal Gohil, Zetland Financial Group Limited or Parabola International Corp giving two working days notice together with a witness statement in support of the application.

## EFFECT OF THIS ORDER

13.    A person who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

14.    A person who is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

## PARTIES OTHER THAN THE DEFENDANT

### Effect of this order

15.    It is a contempt of court for any person notified of this order knowingly to assist in or permit a breach of this order. Any person doing so may be imprisoned or fined. He is also at risk of prosecution for a money laundering offence.

### Set off by banks

16.    This order does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the Defendant before it was notified of this order.

### Withdrawals by the Defendant

17.    No bank need enquire as to the application or proposed application of

7

any money withdrawn by the Defendant if the withdrawal appears to be permitted by this order.

## Cash in the custody of the Police

18. The Metropolitan may pay the quantities of cash in their custody into an interest bearing account until further order unless required as an exhibit in criminal proceedings against the Defendant.

## Existing Charges

19. This order does not prevent any financial institution from enforcing or taking any other steps to enforce an existing charge it has in respect of a property or properties so secured.

## Persons outside England, Wales, Scotland and Northern Ireland

20. (1) Except as provided in paragraph (2) below, the terms of this order do not affect or concern anyone outside the jurisdiction of this court, Scotland or Northern Ireland.

    (2) The terms of this order will affect the following persons in a country or state outside the jurisdiction of this court, Scotland or Northern Ireland:-

        (a) a person to whom this order is addressed or the officer or agent appointed by power of attorney of such a person;

        (b) any person who:-

            (i) is subject to the jurisdiction of this court, Scotland or Northern Ireland;

            (ii) has been given written notice of this order at his residence or place of business within the jurisdiction of this court, Scotland or Northern Ireland; and

            (iii) is able to prevent acts or omissions outside the jurisdiction of this court, Scotland or Northern Ireland which constitute or assist in a breach of the terms of this order; and

        (c) any other person, only to the extent that this order is declared enforceable by or is enforced by a court in that country or state.

## Enforcement in Scotland and Northern Ireland

21. This order shall have effect in the law of Scotland and Northern Ireland, and may be enforced there, if it is registered under the Proceeds of Crime

8

Act 2002 (Enforcement in Different Parts of the United Kingdom) Order 2002.

### Assets located outside England and Wales

22.     Nothing in this order shall, in respect of assets located outside England and Wales, prevent any third party from complying with-

    (1)    what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract to which it is a party; and

    (2)    any orders of the courts of that country or state, provided that reasonable notice of any application for such an order is given to the Prosecutor;

unless those assets are situated in Scotland or Northern Ireland, in which case this order must be obeyed there.

### UNDERTAKINGS

23.     The Crown Prosecution Service gives to the court the undertakings set out in Schedule B to this order.

### DURATION OF THE ORDER

24.     This order will remain in force until it is varied or discharged by a further order of this court.

### INTERPRETATION

25.     Reference to the "Defendant" means Mr Bhadresh Babulal GOHIL and reference to an asset belonging to the Defendant includes any property in which the Defendant has an interest and any property to which the Defendant has a right.

26.     A period of time expressed as a number of days shall be computed as clear days as defined in rule 57.2 of the Criminal Procedure Rules 2005.

### COSTS

27.     The costs of this order are reserved.

### COMMUNICATIONS WITH THE COURT

All communications to the court about this order should be sent to the Crown Court at Southwark, 1 English Grounds, Off Battlebridge Lane, Southwark, London quoting the case number. The office is open between 10am and 4:30pm Monday to Friday. The telephone number is 0207

## ADDRESS OF THE PROSECUTOR FOR SERVICE AND ANY COMMUNICATION IN RESPECT OF THESE PROCEEDINGS

All communications to the Prosecutor about this order should be sent to the Crown Prosecution Service, 50 Ludgate Hill London EC4M 7EX Telephone number 0207 796 8285 quoting the Defendant's name: The Crown Prosecution Service is open between 9am and 5pm Monday to Friday.

Signed _____

Dated:- 17ᵗʰ November 2008.



I certify this to be
a true copy

T. Coulan

23/1/09

10